**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**ALLSTATE INSURANCE COMPANY**                                       **PLAINTIFF**

**VERSUS**                                                  **CAUSE NO. 1:05cv182-LG-RHW**

**THURMAN WILLIAMS and
JOHN A. SCHAFFER**                                        **DEFENDANTS**

**AGREED ORDER GRANTING SUMMARY JUDGMENT**

THIS MATTER, having come on for hearing on the *ore tenus* Motion of the Plaintiff, Allstate Insurance Company, for Summary Judgment as to the issues raised in its Complaint for Declaratory Judgment, and the Court having considered same, and finding that Defendant, Thurman Williams, approves the form of this Order (without waiving any other rights under the subject policies not specifically addressed in this Order), finds as follows:

I.

This matter involves a declaratory judgment by Allstate to determine, as a matter of law, its duty to defend, and its liability under two contracts of insurance, a homeowners policy and umbrella policy, issued to Defendant Williams, for a lawsuit filed against him for assault and battery, false imprisonment, and intentional infliction of emotional distress.

II.

Defendant John Schaffer filed suit in the Circuit Court of Hancock County, Mississippi, seeking compensatory and punitive damages for an alleged physical altercation that occurred on or about June 26, 2003. According to the "Underlying Complaint," Schaffer and Williams were at a meeting regarding a construction project by

Schaffer, and whether Schaffer was obeying the Property Owners' Association's (POA) rules.  According to the Underlying Complaint, Williams asked all other POA members to leave the room, which they did.  Further, according to the Underlying Complaint, Williams then grabbed Schaffer by the throat and jaw, choking Schaffer, and threatened him that no other permits would be issued to him.  Finally, according to the Underlying Complaint, after freeing himself, while on the way to his truck, Williams then slapped Schaffer in the face, all of which constituted an assault and battery, false imprisonment, and intentional infliction of emotional distress.

In his Answer, Williams denies Schaffer's allegations and denies any liability to him.  Further, Williams maintains that any touching of Schaffer was in response to or in self-defense to actions or provocation by Schaffer.

III.

On or about July 23, 2004, Allstate retained the law firm of Scott, Streetman and Fox to defend Williams, and forwarded to Williams a Reservation of Rights letter.

IV.

Prior to the date of the alleged conduct by Williams, Allstate issued to Williams a certain homeowners insurance policy, policy #031170981 (hereinafter homeowners policy), and a certain umbrella policy, policy #085370676 (hereinafter umbrella policy).

V.

By Order of the Circuit Court of Hancock County, on or about January 5, 2005, Defendants Diamondhead Country Club and Property Owners Association and Thurman Williams, in his capacity as President of the Property Owners Association, were dismissed with prejudice from the underlying lawsuit.

Thus, the only remaining claims are those against Thurman Williams in his individual capacity.

VI.

Under Mississippi law, "an insurer's duty to defend hinges on the allegations in the underlying complaint." *American States Ins. Co. v. Natchez Steam Laundry*, 131 F.3d 551 (5th Cir. 1998), citing *State Farm Mut. Auto. Ins. Co. v. Taylor*, 233 So.2d 802, 808 (Miss. 1970). Additionally, "an insurer's duty to defend an action against its insured is measured by the allegations in the plaintiff's pleadings regardless of the ultimate outcome of the action." *American States Ins. Co. v. Natchez Steam Laundry*, 131 F.3d 551 (5th Circuit 1998), citing *EEOC v. Southern Pub. Co.*, 894 F.2d 785, 789 (5th Cir. 1990).

VII.

Based upon the policy language in the Homeowner's policy, the intentional acts as alleged in the underlying Complaint, are excluded. Thus, the Homeowner's policy does not provide coverage to, or for, Thurman Williams for the allegations of assault and battery, intentional infliction of emotional distress, and/or false imprisonment. Further, Allstate has no duty to defend or to provide a defense to Thurman Williams for said allegations under the Homeowner's policy.

VIII.

Based upon the policy language in the Umbrella policy, the intentional acts of assault and battery and/or intentional infliction of emotional distress as alleged in the underlying Complaint are excluded. Thus, the Umbrella policy does not provide coverage to, or for, Thurman Williams for the allegations of assault and battery and/or intentional

infliction of emotional distress.  Further, Allstate has no duty to defend or to provide a defense to Thurman Williams for said allegations under the Umbrella policy.

IX.

Allstate concedes that, under the language and coverages afforded under the Umbrella policy, said policy does provide coverage for the allegations of false imprisonment and, further, that Allstate has a duty to defend and/or provide a defense to Thurman Williams for the allegations of false imprisonment under the Umbrella policy.

IT IS THEREFORE,

ORDERED AND ADJUDGED, that, as pertains to the Homeowner's policy #03117098, Allstate has no duty to defend or to pay any Judgment that might be entered in favor of John Schaffer against Thurman Williams for the allegations of assault and battery, intentional infliction of emotional distress, and/or false imprisonment, as alleged in the Complaint filed in the Circuit Court of Hancock County bearing Cause Number 04-0271.  It is further,

ORDERED AND ADJUDGED, that, as pertains to the Umbrella policy #085370676, Allstate has no duty to defend or to pay any Judgment that might be entered in favor of John Schaffer against Thurman Williams for the allegations of assault and battery and/or intentional infliction of emotional distress, as alleged in the Complaint filed in the Circuit Court of Hancock County bearing Cause Number 04-0271.  It is further,

ORDERED AND ADJUDGED, that, as pertains to the Umbrella policy #085370676, said policy provides coverage to Thurman Williams for the allegations of false imprisonment as alleged in the Complaint filed in the Circuit Court of Hancock County bearing Cause Number 04-0271.  Further, Allstate has a duty to defend and/or provide a

defense to Thurman Williams, and to pay any Judgment up to the limits of that policy for any Judgment that might be entered in favor of John Schaffer against Thurman Williams, for the allegations of false imprisonment as alleged in the Complaint filed in the Circuit Court of Hancock County bearing Cause Number 04-0271.  It is further,

ORDERED AND ADJUDGED, that since Default Judgment has been entered as to Defendant John Schaffer in this matter, that he shall be bound by the Judgment.

**SO ORDERED AND ADJUDGED** this the 18th day of May, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE


AGREED AS TO FORM:

s/Myles E. Sharp
MYLES E. SHARP (MSB# 100926)
Attorney for Plaintiff
Allstate Insurance Company


s/Roland F. Samson, III
ROLAND F. SAMSON, III (MSB# 8764)
Attorney for Defendant
Thurman Williams